BOAG *v.* MACDOUGALL, DIRECTOR, ARIZONA
DEPARTMENT OF CORRECTIONS

No. 80–6845.   Decided January 11, 1982

PER CURIAM.

Petitioner, who was then an inmate of the Arizona Department of Corrections Reception and Treatment Center, filed a crudely written complaint in the United States District Court for the District of Arizona, in which he alleged, *inter alia*, that he had been placed in solitary confinement on March 3, 1980, without any notice of charges or any hearing, that he was threatened with violence when he asked what the charges were, and that he was still in "the hole" a week later. The District Court dismissed the complaint on the ground that the case was moot because petitioner had been transferred to another facility.

On appeal, the Court of Appeals did not endorse the District Court's mootness rationale, and rightfully so, since the transfer did not moot the damages claim.   Nevertheless, the Court of Appeals affirmed, 642 F. 2d 455 (1981), concluding

that first, district courts have "especially broad" discretion to dismiss frivolous actions against prison officials under 28 U. S. C. § 1915(d), and second, petitioner's action is frivolous because it does not state a claim upon which relief can be granted. We need not address the permissible contours of the Court of Appeals' first conclusion, for its second conclusion is erroneous as a matter of law. Construing petitioner's inartful pleading liberally, as *Haines* v. *Kerner*, 404 U. S. 519 (1972), instructs the federal courts to do in *pro se* actions, it states a cause of action. See *Wolff* v. *McDonnell*, 418 U. S. 539, 555–572 (1974). On the basis of the record before us, we cannot find a sufficient ground for affirming the dismissal of the complaint.*

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

*Neither the Court of Appeals nor the District Court relied upon the argument advanced in the dissenting opinion. Indeed, the dissent's information that petitioner had attempted to file a dozen previous civil rights actions is not disclosed in the record, the opinions below, or the briefs filed with this Court. We recognize that 28 U. S. C. § 1915(d) vests the federal courts with broad discretion to take judicial notice of such information and to identify and dismiss frivolous complaints, but it does not appear from the papers before us that any such discretion was exercised by either the Court of Appeals or the District Court; both courts relied solely upon erroneous legal grounds for dismissing the complaint. We are in no position to decide, on the basis of these legal errors and this record, whether the argument advanced in the dissenting opinion would have "satisfied [the District Court] that the action is frivolous or malicious." 28 U. S. C. § 1915(d). A question of that character must be addressed in the first instance by the District Court. If a dismissal is to be based on the ground that petitioner failed to comply with the local rule, or that his prior filings justify the conclusion that his action is frivolous or malicious, a brief statement explaining that ground should be made by the District Court to facilitate intelligent appellate review.

JUSTICE O'CONNOR, concurring.

I join in the *per curiam*, but write separately to emphasize two points. First, nothing in the Court's opinion prevents the District Court on remand from dismissing this suit under 28 U. S. C. § 1915(d) if it finds grounds to believe that the complaint is "malicious or frivolous." This Court only requires the District Court to articulate briefly its reasons for dismissal in order to facilitate appellate review. Second, I find merit in JUSTICE REHNQUIST's comments that this Court is not equipped to correct every perceived error coming from the lower federal courts. The effectiveness of this Court rests in part on its practice of deciding cases of broad significance and of declining to expend limited judicial resources on cases, such as the present one, whose significance is limited to the parties. In exercising our discretionary certiorari jurisdiction, we should not be influenced solely by the merits of the petitioner's case.

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and JUSTICE WHITE join, dissenting.

The *per curiam* reverses the decision of the Court of Appeals in this case because neither it nor the District Court articulated a proper basis for dismissing the petitioner's complaint. While I agree with the *per curiam's* conclusion that the case is not moot and that the complaint, construed liberally, alleges a cause of action, I find a sufficient basis to support the decision below. More importantly, I find this to be a good example of the kind of cases the Court should not decide.

The record shows that petitioner failed to comply with the local rules of the United States District Court for the District of Arizona, Phoenix Division, in which his complaint was filed. As part of his claim, petitioner filed a typewritten document entitled "Form To Be Used By Prisoner In Filing a Complaint Under The Civil Rights Act, 42 U. S. C. § 1983."

Section I of the document was headed "Previous Lawsuits," and subsection A required the plaintiff to answer:

"Have you begun other lawsuits in state or federal court dealing with the same facts in this action or otherwise relating to your imprisonment? Yes (——) No (——)."

Petitioner failed to check either the "Yes" or the "No" space and did not answer the next seven questions about previous filings, thereby violating the local rules of the District Court. Rule 53(a), Local Rules of the United States District Court for the District of Arizona. There appears to have been good reason for this omission. Records of the District Court, of which we may take judicial notice, *Wells* v. *United States*, 318 U. S. 257, 260 (1943), indicate that petitioner had in the past filed at least 10 prisoner civil rights suits and had been denied leave to proceed *in forma pauperis* in at least 2 others.

In my view, the District Court was justified in dismissing the complaint, if for no other reason, on the ground that petitioner had simply refused to comply with local rules regarding the disclosure of previous lawsuits. The fact that neither lower court relied upon this ground for dismissal does not remove it from our consideration. A respondent may seek affirmance in this Court on *any* ground disclosed by the record which would not expand the relief granted. *United States* v. *New York Telephone Co.*, 434 U. S. 159, 166, n. 8 (1977); *Dandridge* v. *Williams*, 397 U. S. 471, 475, n. 6 (1970); *Ryerson* v. *United States*, 312 U. S. 405, 408 (1941). By reversing the decision below without first permitting the parties to brief the merits of this case, the *per curiam* precludes respondent from seeking affirmance on this or any other basis.

Even if there were no grounds for affirmance, I would find this case unworthy of the Court's attention. In our zeal to

provide "equal justice under law," we must never forget that this Court is not a forum for the correction of errors. As was said by Chief Justice Vinson:

"The Supreme Court is not, and never has been, primarily concerned with the correction of errors in lower court decisions. In almost all cases within the Court's appellate jurisdiction, the petitioner has already received one appellate review of his case. The debates in the Constitutional Convention make clear that the purpose of the establishment of one supreme national tribunal was, in the words of John Rutledge of South Carolina, 'to secure the national rights & uniformity of Judgmts.' The function of the Supreme Court is, therefore, to resolve conflicts of opinion on federal questions that have arisen among lower courts, to pass upon questions of wide import under the Constitution, laws, and treaties of the United States, and to exercise supervisory power over the lower federal courts. If we took every case in which an interesting legal question is raised, or our *prima facie* impression is that the decision below is erroneous, we could not fulfill the Constitutional and statutory responsibilities placed upon the Court. To remain effective, the Supreme Court must continue to decide only those cases which present questions whose resolution will have immediate importance far beyond the particular facts and parties involved."*

It cannot be doubted that this case will have no importance beyond the facts and parties involved.

Finally, it is worth emphasizing what the Court is *not* saying in this case. The statutory provision under which petitioner was permitted to proceed *in forma pauperis*,

*Address of Chief Justice Vinson before the American Bar Association, Sept. 7, 1949 (quoted in R. Stern & E. Gressman, Supreme Court Practice 258–259 (5th ed. 1978)).

28 U. S. C. § 1915(d), expressly authorizes courts to dismiss such suits "if satisfied that the action is frivolous or malicious." This especially broad dismissal power, recognized in the footnote to the *per curiam*, safeguards the public and the courts from abuses of the *in forma pauperis* privilege by those who are not restrained by the costs of litigation. I do not read the *per curiam* as narrowing that power. Nor does the *per curiam* equate the dismissal power of § 1915(d) with that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather, the *per curiam* simply holds that the legal conclusions of the lower courts were erroneous. From reversal on that basis, in this case, I respectfully dissent.