**Darryl GRIFFIN, Plaintiff,**

**v.**

**Richard W. DeROBERTIS, Warden, Michael P. Lane, Director of Corrections, Michael F. O'Leary, Assistant Warden, Michael Mason, # 206 Officer, Travis Wheaten, Superintendent, Defendants.**

No. 82 C 3295.

United States District Court, N.D. Illinois, E.D.

Feb. 10, 1983.

Darryl Griffin, pro se.

C. Thomas Hendrix, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Darryl Griffin brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages and release from prison for the alleged violation of his constitutional rights under the Eighth and Fourteenth Amendments. Before the Court is the motion to dismiss of four of the five defendants named in the complaint: Michael P. Lane ("Lane"), Director of the Illinois Department of Corrections; Richard W. DeRobertis ("DeRobertis"), Warden at the Stateville Correctional Center ("Stateville"); Michael O'Leary ("O'Leary"), Assistant Warden at Stateville; and Travis Wheaton, Superintendent of the B–West Segregation Unit at Stateville.[1] For the reasons that follow, the motion is granted in part and denied in part.

On August 25, 1981, Mason ordered plaintiff removed from protective custody and placed in segregation. Mason gave plaintiff no explanation for the transfer. Plaintiff remained in segregation for twelve

---

1. The remaining defendant, Michael Mason ("Mason"), was never served with process. In returning the summons unexecuted, the United States Marshal indicated that Mason was not at Stateville.

days. During that time he personally complained to both Wheaton and O'Leary about both his assignment to segregation and his failure to receive any disciplinary ticket informing him of the reasons for his punishment. Despite assurances to the contrary, O'Leary took no steps to verify plaintiff's story that he had done nothing to justify assignment to segregation.

The segregation cell into which plaintiff was placed contained no mattress or bed clothing. The toilet in the cell was stopped up and full of bugs. The face bowl connected to the toilet was inoperative and full of feces. Due to the conditions of the cell, plaintiff had to sleep on the floor. As a result, he suffered headaches, backaches and a sore throat. When plaintiff began to spit up blood, he requested to see a doctor. Wheaton denied the request and ignored plaintiff's complaints about the condition of his cell. After his release from segregation, plaintiff wrote Lane and asked for two years of good time in compensation for his mistreatment. Lane refused plaintiff's request.

Given a liberal construction, the complaint asserts three claims of constitutional violations. Plaintiff, in essence, contends that he was punished and placed in segregation without due process, subjected to conditions of confinement that constituted cruel and unusual punishment and denied medical care in violation of the Eighth Amendment.[2] Before addressing the merits of these claims, the Court finds it useful to set out the standards that govern the Court's review of a motion to dismiss for failure to state a claim upon which relief may be granted.

■ A complaint cannot be dismissed for failure to state a claim unless the court can determine beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). On a motion

made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the issue is not whether plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence in support of his claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In reviewing the sufficiency of the complaint, all material facts alleged by plaintiff must be accepted as true and viewed in the light most favorable to him. *Mescall v. Burrus,* 603 F.2d 1266, 1269 (7th Cir.1979). Moreover, because plaintiff here is proceeding without the benefit of counsel, his pleadings must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ At the outset, the Court notes that plaintiff's request for injunctive relief is not available. Plaintiff asks that he be released from prison. Even if plaintiff were to prove that defendants violated his constitutional rights, he would not be entitled to release from confinement as a remedy. *See Cook v. Hanberry,* 596 F.2d 658 (5th Cir.1979); *Fielding v. Lefevre,* 548 F.2d 1102, 1108 (2d Cir.1977). Therefore, the Court dismisses plaintiff's claim for injunctive relief.

■ Lane and DeRobertis contend that they cannot be held liable in damages because plaintiff does not allege any facts to evidence their personal involvement in the deprivations of which he complains. The Court agrees.

In *Wolf-Lillie v. Sonquist,* 699 F.2d 864 (7th Cir.1983), the Seventh Circuit recently reiterated the requirements for establishing an individual's liability under 42 U.S.C. § 1983:

Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Pursuant to this requirement, courts have rejected § 1983

---

**2.** Plaintiff also complains of difficulties he encountered when his family visited him during the time he was in segregation. The Court, however, does not read the allegations concerning his visit to assert a separate claim for relief, but rather construes them as consequential damages flowing from plaintiff's claim that he was wrongfully placed in segregation.

claims based upon *respondeat superior* theory of liability. Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.

At 869. (Citations omitted.) (Emphasis in original.)

■ The only allegations as to DeRobertis are that he falsely stated that plaintiff was in segregation for eight rather than twelve days. Whatever the import of these somewhat vague charges, they do not imply any personal participation by DeRobertis in either the placement of plaintiff in segregation or the conditions of his confinement.

■ Plaintiff's allegations against Lane likewise fail to show any causal connection to the actual deprivations alleged in the complaint. Plaintiff asserts that Lane failed to give him good time after he wrote Lane to complain of his alleged mistreatment. But when plaintiff wrote to Lane, he had already been released from segregation. Such after-the-fact communications of assertedly constitutional violations cannot serve as a basis for liability against higher echelon officials. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir.1982). Accordingly, the Court grants the motion to dismiss as to DeRobertis and Lane.

Wheaton and O'Leary contend that in light of the limited amount of time he spent in segregation, the condition of plaintiff's cell was not so severe or harsh as to give rise to a claim for cruel and unusual punishment. They argue that to state a claim under the Eighth Amendment, a prisoner must allege both that he was subjected to egregious conditions of confinement and that he was subjected to such conditions for an extended period of time. Relying on *LaBatt v. Twomey,* 513 F.2d 641 (7th Cir. 1975), they assert that plaintiff's twelve-day exposure to a cell without water, mattress, bed clothing or operable toilet or sink falls far short of what is required by the courts to establish a violation of the Eighth Amendment.

■ Certainly, the duration of confinement is a factor to be considered in determining whether any particular set of conditions are cruel and unusual. As the Supreme Court noted in *Hutto v. Finney,* 437 U.S. 678, 686–87, 98 S.Ct. 2565, 2571–72, 57 L.Ed.2d 522 (1978), "a filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months." Nonetheless, this Court has rejected the notion that the brevity of a period during which a prisoner is exposed to excessively harsh conditions can itself render a claim of cruel and unusual punishment inactionable. *Isaac v. Jones,* 529 F.Supp. 175, 181 (N.D.1981).

Defendants' reliance on *LaBatt, supra,* is misplaced. In *LaBatt,* the prisoners complained of disruption in normal prison routine necessitated by imposition of an emergency prison-wide lockup. The Court held that a nine-day curtailment of rights or privileges did not constitute cruel and unusual punishment when imposed in a good-faith response to emergency conditions within the prison. *Id.* at 648.

■ In contrast, plaintiff alleges that defendants acted without justification in placing him in segregation under conditions far more harsh than those considered in *LaBatt* and that he became physically ill as a result of the conditions to which he was exposed. More apposite is *Kimbrough v. O'Neal,* 523 F.2d 1057 (7th Cir.1975), aff'd en banc, 545 F.2d 1059, 1061 n. 6 (7th Cir.1976). In *Kimbrough,* the plaintiff alleged that he was summarily placed in a solitary confinement cell that had no toilet, no water for drinking or washing and no mattress, bedding or blankets. 523 F.2d at 1059. He remained in solitary for only three days during which time he was subjected to abuse by guards. As a result of his treatment, he contracted a severe cold and fever. The Seventh Circuit held that the existence of the alleged conditions, even for a period of three days, could constitute a violation of the Eighth Amendment. 523 F.2d at 1058. Given the similarity between the conditions imposed on the plaintiff in *Kimbrough* for

three days and those imposed on plaintiff here for twelve days, this Court cannot conclude beyond doubt that plaintiff can prove no set of facts in support of his claim that O'Leary and Wheaton subjected him to cruel and unusual punishment by leaving him in a dilapidated cell lacking even rudimentary amenities. Accordingly, their motion to dismiss this claim is denied.

The Court also finds that plaintiff has alleged sufficient facts to state a claim against Wheaton for denial of medical care.[3] In order to state a claim under the Eighth Amendment, a prisoner must allege deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Wheaton challenges the adequacy of the complaint on the ground that plaintiff's allegations of aches and a sore throat do not evidence a serious medical need. Were these the only symptoms alleged by plaintiff, the Court would be inclined to dismiss his claim. But plaintiff alleges that he had become ill to the point of spitting up blood. This allegation provides sufficient indicia of serious medical needs to allow plaintiff an opportunity to prove his claim that O'Leary unreasonably denied him access to essential medical care.

O'Leary and Wheaton fail to address plaintiff's remaining claim that he was placed in segregation without reason or notice of disciplinary charges. Allegations of summary disciplinary confinement to segregation are actionable as a violation of due process. *Boag v. MacDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Hughes v. Rowe,* 449 U.S. 5, 11, 101 S.Ct. 173, 177, 66 L.Ed.2d 163 (1980). O'Leary and Wheaton allegedly failed to ensure plaintiff's release from segregation even though they had reason to know that he had not committed any offense justifying such confinement. By acquiescing in plaintiff's purportedly wrongful assignment to segregation, they may be held liable for the summary disciplinary action taken against him.

---

**3.** O'Leary is not alleged to have known of plaintiff's health problems and therefore cannot

Accordingly, the motion to dismiss is granted as to Lane and DeRobertis, but denied as to Wheaton and O'Leary. The Court further dismisses plaintiff's claim for injunctive relief. Wheaton and O'Leary are given twenty days in which to answer the complaint. Should either party deem it appropriate, motions for summary judgment with supporting briefs should be filed promptly. Status hearing is reset for March 11, 1983, at 10:00 a.m. It is so ordered.

be held liable for any denial of medical care.