851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Robert A. RUFF, and Robert H. Burns, Appellants,
v.
William LONG, Administrator D.C. Jail, et al.
 No. 84-5934.
 United States Court of Appeals, District of Columbia Circuit.
 May 18, 1988.
 
 Before MIKVA, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED by the court that the district court order of November 16, 1984, be vacated and the case be remanded with directions to reinstate the complaint for the reasons set forth in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 In this action, pro se appellants, claiming to represent themselves and other similarly situated inmates of the D.C. Jail of the Black Muslim, Jewish and Seventh Day Adventist faiths, sought a declaratory judgment that they were being deprived of their constitutional right to the free exercise of their religions by being compelled to eat foods containing pork.
 
 
 5
 The district court erroneously dismissed the suit on the ground that the action should have been filed as a claim for contempt of a consent order in a case in the Federal District Court for the Eastern District of Virginia, dealing with similar issues at correctional facilities in Lorton, Virginia. Elroy Lewis, et al. v. Delbert C. Jackson, Civil Action No. 521-73-AM (E.D.Va.1974) (Bryan, J.). Appellants cannot be bound by the consent order in Lewis because they were not members of the class. The consent order in Lewis was limited to Black Muslim inmates of the Lorton Facility. The district court mistakenly construed the consent order to apply to all D.C. institutions. Furthermore, in this case, appellants seek to represent the interests of Jews and Seventh Day Adventists, as well as Black Muslims. Since appellants were not members of the class in Lewis, this case must be remanded with directions to reinstate the complaint.
 
 
 6
 A question of mootness was raised on appeal because the appellants have been transferred from the D.C. Jail. Their individual claims for injunctive relief have been mooted by their transfers, See Cosgrove v. Smith, 697 F.2d 1125, 1126 n. 1 (D.C.Cir.1983). Appellants, however, moved to amend their complaint in the district court to include a claim for monetary relief before any responsive pleading had been served. See Fed.R.Civ.P. 15(a). Appellants claim for damages therefore is not moot. See Boag v. MacDougall, 454 U.S. 364 (1982).
 
 
 7
 Accordingly, we remand this case to allow appellants to pursue their remaining individual claims and to allow the district court to determine whether the case can be maintained as a class action.