988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest MOORE, Plaintiff-Appellant,
v.
NORTH AMERICAN VAN LINES, INC., Defendant-Appellee.
 No. 91-56475.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CV-88-1837-H, Marilyn L. Huff, District Judge, Presiding.
 S.D.Cal.
 REVERSED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Ernest Moore appeals pro se the district court's dismissal of his diversity action alleging that he is entitled to items of his personal property and household goods held by North American Van Lines, Inc. The district court dismissed Moore's action with prejudice on the ground that he failed to comply with pretrial procedures and court orders, and repeatedly initiated litigation by making false allegations in order to secure jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review the district court's dismissal with prejudice under Rule 41(b) for an abuse of discretion. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987).
 
 
 4
 Fed.R.Civ.P. 41(b) provides that an action may be dismissed "for failure of the plaintiff ... to comply with these rules or any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1260; Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). The " 'inartful pleadings of pro se litigants' " must be liberally construed. Block, 832 F.2d at 1137 (quoting Boag v. McDougal, 454 U.S. 364, 365 (1982)). Before dismissing an action for failure to comply with a court order, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage it's docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831.
 
 
 5
 Here, in Moore's first action, he named as defendant's Bekins Moving Company and North American Van Lines, alleging diversity jurisdiction in the Southern District of California. While this action was pending Moore filed an action in the Northern District of California based on the same set of facts against the same parties. Moore falsely declared that he had not commenced any other actions against the same defendants. The Northern District action was dismissed for lack of diversity jurisdiction since Moore and Bekins are citizens of California.
 
 
 6
 Moore filed a third action in the Southern District of New York, based on the same facts, and named Bekins as the sole defendant. He again claimed that he had not commenced any other actions on the same facts with the same parties and claimed that he was a citizen of the State of New York. Moore obtained a default judgment against Bekins in the Southern District of New York for $2,500. After Moore's first action in the Southern District of California was dismissed for lack of diversity jurisdiction, he filed the present action in the Southern District of California naming North American Van Lines as the sole defendant. On June 25, 1990, North American Van Lines filed a motion to dismiss.
 
 
 7
 Various motions in this case were on file in July 1990. They were originally set for hearing on September 10, 1990. Moore was granted a continuance and the motions were taken under submission by district court Judge Irving on November 19, 1990. Judge Irving retired in December 1990, and new hearings were scheduled for February 12, 1991.
 
 
 8
 The hearing on the motion to dismiss was scheduled before a magistrate judge on September 10, 1990, but was continued to April 12, 1991. The magistrate judge recommended that Moore's action be dismissed with prejudice under Fed.R.Civ.P. 41(b) and determined that:
 
 
 9
 The present case has been pending in this district since May 1988, and Plaintiff has had his day in court, not only here but in two other districts. The risk of prejudice to the defendant North American Van Lines is so great that only a dismissal with prejudice will serve the interests of justice for all parties to this lawsuit. According to plaintiff his goods were stolen in September 1987. North American would be prejudiced at this late date finding and contacting witnesses after such a long delay.
 
 
 10
 The magistrate judge based the order upon a finding that Moore settled his action with Bekins in the Southern District of New York action for $2,500 and also determined that Moore was in violation of the rules of the court because he had repeatedly initiated litigation by making false allegations in order to secure jurisdiction. Moore contends, however, that the Southern District of New York action against Bekins was dismissed for lack of diversity jurisdiction and never settled. Moore further contends that as a layman of the law he lacked the appropriate understanding of diversity jurisdiction and filed all of his actions in good faith.
 
 
 11
 While the record indicates that Moore made unsuccessful attempts to obtain diversity jurisdiction over the defendants, there is no evidence in the record that Moore violated any pretrial procedures or court orders in this action that would warrant a Rule 41(b) dismissal. Moreover, there is a question in the record whether Moore's action against Bekins in the Southern District of New York was settled. Accordingly, dismissal under Rule 41(b) was improper, and we reverse and remand. See Id.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3