993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Youssef ISHAK, Petitioner-Appellant,
v.
George DEEDS, Warden, Respondent-Appellee.
 No. 91-16243.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 7, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Youssef Ishak, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his conviction for attempted cheating at gambling. He contends that the district court erred by dismissing his petition on the ground that he failed to comply with the magistrate judge's order to file an amended petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion a district court's dismissal of an action for failure to comply with the court's order to file an amended petition in a timely manner. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). The district court's dismissal should not be disturbed unless there is a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 651-52 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)).
 
 
 4
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.' " Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Id. The district court need not make explicit findings in order to show these factors, and this court may review the record independently to determine if the district court abused its discretion. Id.; Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 5
 In deciding whether the district court abused its discretion, this court should be cognizant of the Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants. Ferdik, 963 F.2d at 1261 (the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)).
 
 
 6
 In weighing the five dismissal factors, the first two, the public's interest in expeditious resolution of litigation and the trial court's interest in controlling its docket, support the district court's action. See id. The court exhausted valuable resources responding to Ishak's profane and abusive pleadings. In addition, it is essential to preserve the district courts' power to manage their dockets without being subjected to the continuous noncompliance of litigants such as Ishak. See id.
 
 
 7
 Moreover, the district court evidenced its consideration of less drastic sanctions before dismissing Ishak's claim by giving him thirty days to amend the petition and giving him detailed instructions as to how to amend it. See id. at 1262. However, instead of amending his petition, he responded with abusive language and instructed the court to dismiss the petition.
 
 
 8
 With regard to the risk of prejudice to the defendants, the defendants have made no specific showing of prejudice. Moreover, such a showing would not necessarily be determinative. Cf. Malone, 833 F.2d at 133, n. 2 (four factors heavily supporting dismissal outweigh one against dismissal). Furthermore, while public policy favoring disposition on the merits always weighs against dismissal, it does not outweigh the other factors supporting dismissal in this case. See id.
 
 
 9
 Therefore, the district did not abuse its discretion by dismissing Ishak's petition for failure to amend. See Ferdik, 963 F.2d at 1260-61.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3