William **PERKINS** and
Walter Perkins, Jr.

v.

**SOCIAL SECURITY, Mrs. Ethel Rice
and Estate Court, Brooklyn, New
York.**

Civ. A. No. 93–CV–0594.

United States District Court,
E.D. Pennsylvania.

April 11, 1994.

William R. Perkins, pro se.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

On March 28, 1994, this Court issued an order on the *pro se* plaintiffs in this action, William Perkins and Walter Perkins, Jr. to show cause why the above-captioned case should not be dismissed as frivolous. Pursuant to that order, on April 6, 1994 William Perkins only appeared before the undersigned at which time he acknowledged that

he alone signed and filed the complaint commencing this lawsuit against what appears to be the Social Security Administration, his aunt, Ethel Rice and the "Estate Court" in Brooklyn, New York. In the interests of brevity, we shall defer from an in-depth discussion of the improper nature of William Perkins' activities in representing his brother without a legal license to do so and shall instead treat this matter as one involving William Perkins only.

According to Mr. Perkins' representations at the April 6, 1994 hearing and the complaint(s) filed in this matter, he is seeking to recover some unknown amount of Social Security Benefits which were purportedly paid over to the estate or probate court in Brooklyn, New York upon his father's death in 1978. Ethel Rice apparently is a New York resident who was the sister of Mr. Perkins' late father and the administratrix of his estate. Mr. Perkins contends that this Court has jurisdiction to act in this matter by virtue of the fact that (1) the Social Security Administration paid over the benefits in question; (2) he is a resident of Philadelphia, Pennsylvania and (3) Mr. Perkins' father lived and worked in Pennsylvania for more than twenty years. Evidently, Mr. Perkins does not know where his father was living or was domiciled at the time of his death. He has also disputed and challenged the docketing of this action as a social security appeal.

The law is clear that the district courts have jurisdiction to act in matters involving citizens of different states where the amount in controversy exceeds $50,000 and in civil actions arising under the Constitution, laws or treaties of the United States. *See:* 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1391:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any *defendant* resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the *defen-*

*dants* are subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may otherwise be brought.

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any *defendant* resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any *defendant* may be found, if there is no district in which the action otherwise may be brought.

(emphasis supplied)

Applying these principles and giving to Mr. Perkins the most liberal construction of his pleadings and representations to the court, we can reach no other conclusion but that this court is vested with neither jurisdiction nor venue to act in this matter. *See: Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 710, 70 L.Ed.2d 551 (1982). Indeed, it appears that the plaintiff is endeavoring to lodge a claim to his deceased father's estate and/or to challenge the estate's distribution of his late father's assets. To the extent that such a claim can even be raised after the passage of sixteen years from the date of the decedent's death, it is properly lodged in the appropriate court in the state and county of probate, which in this case appears to be Brooklyn, New York.

Furthermore, the record in this matter indicates that none of the defendants have been properly served with the complaint within the time limits provided by Rule 4 of the Federal Rules of Civil Procedure. In this regard, Rule 4(c)(2) specifically states that "service may be effected by any person *who is not a party* and who is at least 18 years of age" while Rule 4(m) dictates that service be made within 120 days after the filing of the complaint under penalty of dismissal of the action by the court.

In light of all of the foregoing, we find that this case must be dismissed and all of plaintiff's pending motions for appointment of

counsel and to transfer venue, which have previously been denied via orders dated December 10, 1993 and January 12, 1994 are again denied as moot.