68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. MEYERS, Petitioner-Appellant,
v.
Rick DAY, Director, Department of Corrections, Respondent-Appellee.
 No. 95-35254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James C. Meyers, a Montana state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. He contends the district court erred when it dismissed his petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990). We affirm.
 
 
 3
 On February 20, 1989, Meyers pleaded guilty in state district court to intimidation and possession of dangerous drugs on July 11, 1988. After finding that Meyer suffered from a mental disease at the time he committed the offenses of July 11, 1988, the state district court on August 27, 1992 ordered Meyers committed to an appropriate institution for custody, care, and treatment for a total of four years.
 
 
 4
 Meyers alleges, inter alia, that he was committed involuntarily, dissatisfied with appointed counsel, and unable to perfect an appeal. We are required to construe pro se pleadings broadly. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). Accordingly, we read Meyers's petition as raising, at a minimum, the following issues: (1) the state district court's commitment order of August 27, 1992 violates federal due process because Meyers lacked competency to plead guilty on February 20, 1989, see Pate v. Robinson, 383 U.S. 375, 378 (1966); and (2) Meyers was denied his Sixth Amendment right to the effective assistance of both trial and appellate counsel, see Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 Meyers, however, does not dispute that he has never presented these claims to the state's highest court. Consequently, the district court properly dismissed Meyers's petition without prejudice for failure to exhaust state remedies. See Picard v. Connor, 404 U.S. 270, 276 (1971) (in order to exhaust state remedies, petitioner must present all claims to highest state court available); see also Rose v. Lundy, 455 U.S. 509, 520 (1982) (petitioner must exhaust every claim in state court before bringing any claim to federal court).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3