**Michael DIGGS, Plaintiff,**

**v.**

**Jerry KELLER, sheriff, State of Nevada, et al., Clark County Detention Center, John Does 1–2, Defendants.**

**No. CV–S–97–00787–JBR RLH.**

United States District Court,
D. Nevada.

July 16, 1998.

Michael Diggs, Wells, NV, pro se.

Thomas D. Dillard, Jr., Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for defendant.

## ORDER

RAWLINSON, District Judge.

On July 22, 1997, Plaintiff Michael Diggs filed, pro se, a civil rights complaint (# 3) against Defendants Jerry Keller, State of Nevada ("Nevada"), and the Clark County Detention Center (the "CCDC"). Plaintiff alleges he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment due to the overcrowding and lack of sanitary conditions while being detained at the CCDC.

On March 5, 1998, Defendants mailed to Diggs various requests for admission. The requests did not advise Diggs that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters contained in the requests shall be deemed admitted unless said request is responded to within 30 days after service of the request or within such shorter or longer time as the court may allow. Diggs did not respond to Defendants' request for admissions.

On May 6, 1998, Defendants moved (# 16) for summary judgement based upon the admissions that Diggs failed to answer. Defendants argue that pursuant to Rule 36(a), Diggs is deemed to have admitted the matters set forth in the admissions due to Diggs' failure to respond within the 30–day time period. Defendants further argue that due to the admissions, Diggs' unconstitutional confinement claims are without factual basis to warrant continued litigation.

On May 18, 1998, Diggs filed what is entitled a "Motion for Summary Judgment" (# 18). Diggs essentially argues that he was not aware of the effect that his failure to answer the requests would have. Diggs believed that Defendants would be taking his oral deposition and that he would have an opportunity to answer the requests at that time.

As a preliminary matter, the Supreme Court "has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982)). Diggs' motion, however, is actually an opposition to Defendants' Motion for Summary Judgment as Diggs requests that this Court deny Defendant's Motion for Summary Judgment and "permit him to continue his litigation . . . ." Diggs' motion shall therefore be construed as an opposition rather than as a motion for summary judgment.

In *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir.1988), the Ninth Circuit held that a pro se prisoner is entitled to fair notice of the requirements to oppose summary judgment before granting summary judgment against the prisoner. Likewise, this Court holds that pro se prisoners are entitled to notice that matters found in requests for admission will be deemed admitted unless responded to within 30 days after such requests have been served. Without such notice, pro se prisoners will most likely not be aware that failure to respond to a request for admission would result in the admission of the matters contained in the request. To hold otherwise would allow parties opposing pro se prisoner complaints to use Rule 36 procedures as a snare which prevents pro se prisoners from opposing summary judgment. Even if the prisoner is notified of the requirements of the summary judgment rule as required by *Eikenberry*, the pro se prisoner may not be able to oppose summary judgment because all material facts will have been deemed admitted if the unwary prisoner fails to respond to a previous request for admission.

Therefore, before a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow.

As Defendants' requests contained no such notice, this Court shall extend the time for answering Defendants' requests before the matters contained therein shall be admitted. *See* Rule 36(a) of the Federal Rules of Civil Procedure (giving court discretion to shorten or lengthen the time for answering requests for admissions). This order shall also notify Diggs of the necessity of answering requests for admission. As the time allowed for Diggs' to respond to Defendants' requests shall be enlarged and such requests are not yet deemed admitted, Defendants' Motion for Summary Judgment shall be denied, without prejudice, as premature. Accordingly,

IT IS **ORDERED** that Defendants' Motion for Summary Judgment Based on Admissions (# 16) is DENIED without prejudice.

IT IS FURTHER **ORDERED** Diggs' Motion for Summary Judgment (# 18) is construed to be an opposition to Defendants' Motion for Summary Judgment Based on Admissions.

IT IS FURTHER **ORDERED** that Plaintiff Diggs shall have thirty (30) days from the date this Order is served to respond to Defendants' Requests for Admissions that were mailed on March 5, 1998. Plaintiff Diggs is advised and notified that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters contained in Defendants' Requests for Admission shall be deemed admitted unless said request is responded to within thirty (30) days after this Order is served upon Plaintiff Diggs.