*843 OPINION OF THE COURT
Peter E. Corning, J.
Respondent has made motions to dismiss the above-captioned matters based on jurisdictional grounds. For purposes of this motion, these matters have been consolidated into one decision. Petitioners have been granted poor person status pursuant to CPLR 1101.
Respondent moves to dismiss these petitions for lack of proper service and failure to properly commence the proceeding. It is respondent’s argument that the failure of these three petitioners to personally serve the Attorney General’s regional office with these petitions has resulted in a lack of personal jurisdiction over the respondent and, therefore, grounds for dismissal. It is further argued that petitioners have improperly commenced this action by failing to obtain a signed order to show cause or proceeding by way of a notice of petition. Hence, petitioners have failed to obtain subject matter jurisdiction over respondent, according to this argument.
While the court recognizes that these highly technical arguments have merit in some circumstances, it has long been the policy of this court to liberally construe these requirements when dealing with pro se inmate litigants. This policy is in keeping with the settled law handed down by the United States Supreme Court on several occasions. (See, Boag v MacDougall, 454 US 364; see also, Haines v Kerner, 404 US 519, 520 [inmate litigants should be held “to less stringent standards” than lawyers].) To hold incarcerated pro se litigants to the same standards as those who have their liberty would, in effect, deny them access to the courts.
Respondent seeks to force pro se inmate litigants to personally serve their papers on the Attorney General’s offices throughout the State. Aside from the practical impossibility of this notion, precedent states that confinement in a penal institution renders it virtually impossible to effect personal service on a respondent, given the limited financial resources of inmates and the restrictions on them which result from their confinement. (Sackinger v Nevins, 114 Misc 2d 454.) Hence, an inmate who utilizes the mail to serve a respondent is held to have properly effected service given the circumstances of their confinement.
The other ground on which respondent seeks dismissal is also a highly technical one. Respondent contends that these proceedings have not been properly commenced because the *844 petitioners proceeded by way of an unsigned order to show cause, instead of a notice of petition. As stated above, it is the policy of this court not to determine CPLR article 78 proceedings commenced by inmates on such technical grounds, but, rather, to hold inmates to a less stringent standard and consider the merits of the petitions submitted. (See, Sackinger v Nevins, 114 Misc 2d 454, supra.) As such, these matters will not be dismissed for the failure to have the order to show cause signed.
Accordingly, based upon the foregoing, it is hereby ordered that the motion to dismiss these petitions is denied; and it is further ordered that respondent supply an answer to these petitions no later than October 25, 1999.