**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-7916

RANDY W. GHOLSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-247)

Submitted: March 26, 2002

Decided: April 22, 2002

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

---

**COUNSEL**

Randy W. Gholson, Appellant Pro Se. Stephen Wiley Miller, Shannon Leigh Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy W. Gholson appeals the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2001) motion. On appeal, Gholson asserts three claims: (1) his guilty plea was not knowing and voluntary because there was an insufficient factual basis to support the plea; (2) his counsel was ineffective for failing to acknowledge that there was an insufficient factual basis to support the plea; and (3) his counsel was ineffective for failing to note an appeal as requested. We have reviewed the district court's opinion and find no reversible error as to claims one and two. Accordingly, we deny a certificate of appealability and dismiss the appeal based on the reasoning of the district court as to those claims. *See United States v. Gholson*, No. CR-99-247 (E.D. Va. Oct. 23, 2001). However, as to Gholson's claim that his attorney was ineffective for failing to note a requested appeal, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings.

A counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). The district court summarily concluded Gholson never requested his counsel to note an appeal. Although Gholson's original § 2255 motion was ambiguous, because we must liberally construe the claims of pro se litigants, we conclude that Gholson sufficiently alleged a claim of ineffective assistance of counsel for failure to note a requested appeal under *Peak*. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (stating that courts must liberally construe pro se litigants' claims); *Gordon V. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . .") (internal quotations omitted). Gholson unequivocally alleges on appeal that he specifically requested that his attorney note an appeal and that his attorney failed to do so. It is apparently undisputed that Gholson's counsel did not consult with him in regard to noting an appeal, and we agree with the district court that such a failure to consult did not amount to ineffective assistance under *Roe*

*v. Flores-Ortega*, 528 U.S. 470, 477-81 (2000). Construing the record in the light most favorable to Gholson, however, we conclude that he also asserted before the district court that his attorney failed to note a requested appeal and that this *Peak* claim remains to be resolved. Accordingly, without expressing any view as to whether Gholson will be able to demonstrate that he affirmatively requested his counsel to file a notice of appeal on his behalf, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings as to this issue. We deny a certificate of appealability and dismiss the appeal as to all other claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART AND*
*VACATED AND REMANDED IN PART*