JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Allen Ringel, appeals from the common pleas court's dismissal of his complaint. His brief lists some 13 assignments of error, as set forth in the attached appendix. We find no error in the court's ruling and affirm its judgment.
 PROCEDURAL HISTORY {¶ 2} The complaint in this case was filed on May 28, 2002. In it, plaintiff listed some eight "counts," each of which consisted of a single legal assertion, unsupported by any factual allegations. These counts state:
"COUNT 1: Defendants Have Violated Plaintiffs Right To Redress For Injury; Due Process Per Article I Section O Const Sub-Sec. 16.
"COUNT 2: Defendants Have Violated Plaintiff [sic] Right Of Trial By Jury Per Article I Section O Const I Sub-Sec. 5.
"COUNT 3: Defendants Have Violated Plaintiffs Right To Equal Protection And Benefit By Pitting 3 Or More Attorneys Against A Single Pro Se Plaintiff At One Time.
"COUNT 4: Defendants Have Violated The Ohio Statute Of Frauds As To Giving Other Candidates Preferential Treatment In Violation O.R.C. 1335.0 Et Seq. On Certain Agreements To Be In Writing Resulting In The Miscarriage Of A Nother [sic] Person.
"COUNT 5: By Direct And Proximate Acts Of Defendants Have Libeled Slandered [sic] Plaintiffs Good Name.
"COUNT 6: By Direct And Proximate Acts Of Defendants Denying Plaintiff Access To The Freshman Class Defendants Have Created A Basis For Promissory Estoppel Due To The Constitutional Fact That Plaintiff Has A Liberty Interst [sic] In Being Able To Practice The Chosen Profession Of Medical Doctor.
"COUNT 7: Plaintiff Has Had An Infringement On His Matriculation Rights To Medical School As A Rejection From One School Causes A Cascading Effect With The Remainder Resulting In Foreclosure Estoppel At Other Professional Schools.
"COUNT 8: Defendants Have Clearly Deprived Plaintiffs [sic] Of Many Of His Constitutional Rights Derived From A Common Nucleus Of Operative Fact "Hence Forth": Invoking The Doctrine Of Pendant Jurisdiction; See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)."
 {¶ 3} At the conclusion of the complaint, plaintiff stated that the factual basis for his complaint was that "[i]n the process of plaintiff applying to defendants' school of medicine plaintiff found gross disparities and illicit practices composing the candidate selection process."
 {¶ 4} On July 23, 2002, defendant-appellee Case Western Reserve University ("CWRU") moved to dismiss the complaint for failure to state a claim. Appellant immediately moved to strike the motion to dismiss.
 {¶ 5} On November 19, 2001, the court granted CWRU's motion to dismiss. The court found that plaintiff could prove no set of facts which would entitle him to relief under Counts 1, 2, and 3 of the complaint, because the constitutional claims which plaintiff asserted in those counts could not be maintained against a private entity. The court further held that plaintiff could prove no set of facts entitling him to relief under count 4, because the statute of frauds is a defense, and not a cause of action. The court determined that plaintiff failed to state any facts in support of his claim for defamation in count 5, so that count also failed to state a claim. The court held that plaintiff had no right to be admitted to medical school; because this was the premise of the claim alleged in counts 6 and 7, plaintiff failed to state a claim in these counts. Finally, the court found that the doctrine of pendent jurisdiction had no application in the common pleas court and did not create a cause of action, so plaintiff could prove no set of facts entitling him to relief under count 8 of the complaint.
 {¶ 6} The court noted that appellant had previously filed a complaint against CWRU which was dismissed without prejudice for failure to state a claim, allowing appellant the opportunity to refile a complaint with proper causes of action. It also noted that it had allowed appellant the opportunity to retain counsel in this case, but he elected not to do so. The court found CWRU had a competing interest in being protected from the burden and expense of groundless litigation. Therefore, the court dismissed the complaint with prejudice.
 LAW AND ANALYSIS {¶ 7} Appellant's brief in this case consists of (a) a list of sixty-three citations; (b) a list of thirteen assignments of error; (c) a one-page "statement of the case" briefly describing how appellant applied for and was denied admission to CWRU's medical school; (d) a two-page "memorandum of law and argument"; and (e) a one paragraph "concluding prayer."
 {¶ 8} The memorandum of law contains no citations to the record or to legal authority, and no argument of the merits of the legal contentions raised in the assignments of error. All assignments are addressed in three paragraphs. The first assignment of error is discussed separately in one paragraph; the second through the sixth assignments are then addressed together in the next paragraph, and the seventh through the thirteenth assignments are addressed together in the third paragraph.
 {¶ 9} App.R. 12(A) allows this court to disregard alleged errors not specifically pointed out in the record and separately argued by brief. Appellant has failed to argue separately any of the assignments of error except, perhaps, the first. Therefore, we will disregard the second through the thirteenth assignments of error. Hawley v. Ritley (1988),35 Ohio St.3d 157, 158; North Coast Cookies, Inc. v. Sweet Temptations,Inc. (1984), 16 Ohio App.3d 342, 344.
 {¶ 10} The first assignment of error is separately addressed in the brief, so we will consider it. Appellant complains that the court erred by dismissing his claims without addressing the merits of other pending motions and without considering evidence. A motion to dismiss for failure to state a claim asserts that the appellant can prove no set of facts which would entitle him to relief. Neither evidence nor other motions are relevant to this determination; if the court makes this finding, it has determined that plaintiff cannot succeed on any basis. Therefore, we find the court did not err by dismissing appellant's claims without considering evidence and other motions. We overrule the first assignment of error and affirm the common pleas court's decision.
ANN DYKE, J. and COLLEEN CONWAY COONEY, J. concur.
 APPENDIX
"ASSIGNMENT OF ERRORS
 {¶ 11} "A.O.E. 1 Trial Judge Abused His Or Her Discretion In Dismissal Of Said Instant Action Without The Review Of Any And/or All Evidence Plaintiff Brought To Bar.
 {¶ 12} "A.O.E. 2 Trial Judge Abused His Or Her Discretion By Setting Time And Date Of Said Jury Trial To Be On 23JAN03 [sic] But Without Cause Shownobstructs [sic] Justice By Stopping Said Jury Trial.
 {¶ 13} "A.O.E. 3 Trial Judge Failed To Render Verdict In Favor Of Plaintiff With Respect Plaintiff's Motion For Default Judgement.
 {¶ 14} "A.O.E. 4 Trial Judge Failed To Render Verdict In Favor Of Plaintiff With Repect [sic] Plaintiff's Motion For Summary Judgement Per Civ. R. 8(A) And 56(A) So Filed By Plaintiff On 08JUL02 [sic].
 {¶ 15} "A.O.E. 5 Trial Judge Failed To Render Verdict In Favor Of Plaintiff With Respect To Plaintiff's Motion For Declaratory Judgement.
 {¶ 16} "A.O.E. 6 Trial Judge Failed To Hold An Injuctive [sic] Relif [sic] Hearing Per Civ. R. 65(b)(2); R. 55(A) And R. 50(A)(5); As So Filed On 19AUG02 [sic] By Motion Of Plaintiff.
 {¶ 17} "A.O.E. 7 Trial Judge Violated Plaintiff Sacred Ohio Constitutional Rights As Enumerated By The 124th Ohio General Assembly Subsections : 1.01 Inalienable Rights; 1.16 Redress In Courts; 1.05 Trial By Jury Shall Be Inviolate.
 {¶ 18} "A.O.E. 8 Trial Judge Failed To Apply The Ash Test As Proscribed In Court Vs. Ash 422 U.S.C. § 66 To Test For Derivative And/or Injuctive [sic] Relief Being Needed As To Obviate Irreversible Damage Upon Plaintiff.
 {¶ 19} "A.O.E. 9 Trial Judge Failed To Give A Pro Se Litigant The Widest Possible Lattitude [sic] To Articulate His Legal Rights To The Court Of Common Pleas As Demanded In Boag v. Mcdougal, 454 U.S. 364 And Haines v. Kerner, 404 U.S. 519.
 {¶ 20} "A.O.E. 10 Trial Judge Failed To Enforce O.R.C. 4743.03(A) Prohibiting Any Board, Commission Or Agency Created In The State Of Ohio Under Title 47 From Restricting An Individual From Full-Filling [sic] His Or Her Educational Requirements.
 {¶ 21} "A.O.E. 11 Trial Judge Failed To Protect Graduates Of The Ohio State University Columbus, Ohio From Age Discrimination In Higher Education Here In The State Of Ohio As Demamned [sic] BY42 U.S.C. § 6101.
 {¶ 22} "A.O.E. 12 Trial Judge Failed To Protect Graduates Of The Ohio State University Columbus, Ohio From Sex Discrimination In Higher Education Here In The State Of Ohio, As Demanded By 20 U.S.C. § 1681.
 {¶ 23} "A.O.E. 13 Trial Judge Failed To Enforce42 U.S.C. § 2000D On Prohibition Of Exclusion Of A Protected Class From Exclusion In Higher Education Programs Supported From State And Federal Grants."