MEMORANDUM *
William Meador appeals the district court’s dismissal of his suit filed against Pleasant Valley State Prison officials alleging that the opening outside of his presence of returned mail he had sent to a court violated his constitutional rights. Meador argues that in opening his letter to the court outside of his presence, prison officials interfered with his constitutional right of access to the courts, grounded in the right to petition the government for redress of grievances. The district court dismissed his complaint for failure to state a claim, holding that because the mail at issue appeared to come from the California Court of Appeal, it did not constitute constitutionally protected “legal mail,” and permissibly could be opened outside of his presence.
We review de novo the district court’s dismissal based on failure to state a claim upon which relief can be granted, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000), and treat each of Meador’s factual allegations as true, drawing all reasonable inferences in his favor. See, e.g., Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th Cir.2002); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999). In addition, we liberally construe pro se pleadings. Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir.2006). We affirm.
1. Prison officials concede that they erroneously opened one piece of Meador’s returned mail to a court outside of his presence. This isolated incident, without a showing of actual injury or improper motive, cannot by itself establish a violation of his right of access to the courts. See, e.g., Smith v. Maschner, 899 F.2d 940, *956 944 (10th Cir.1990). Meador’s amended complaint does not allege that he suffered any direct injury from the opening of his mail, such as the exposure of confidential communications. In fact, nothing in the record indicates what his letter actually contained. Moreover, Meador does not contend that he suffered any direct injury resulting from prison officials reading the letter or learning of its contents. For instance, he does not allege retribution by prison officials because of the content of the letter. See Taylor v. Sterrett, 532 F.2d 462, 476 n. 21 (5th Cir.1976). Nor does Meador contend that prison officials obstructed the delivery of his letter in any way that affected his access to the courts. See Brewer v. Wilkinson, 3 F.3d 816, 825-26 (5th Cir.1993).
Instead, Meador’s only assertion of injury is that the opening of his returned mail outside of his presence exerted a chilling effect on his' right of access to the courts. He did not allege in his amended complaint, however, that the officials’ actions in any way deterred him from engaging in future communications with the courts. Far from subjecting Meador to a compulsory regulatory policy, the governmental action in this instance was, by the officials’ own admission, a single violation of an established policy expressly prohibiting the opening of mail of this kind. See Cal.Code Regs. §§ 3133, 3141(a)-(d), 3144. Meador’s allegations regarding an isolated instance of prison mail room staff inadvertently violating this policy cannot establish an actionable chilling effect. See O’Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir.1996).
2. Meador has requested that the court take judicial notice of an additional prison grievance submitted by him in which he challenged two additional instances of prison officials opening his legal mail. He argues that the incidents described in the grievance demonstrate that the opening of his legal mail by the Pleasant Valley Prison staff alleged in his complaint was not an isolated occurrence. But both of the additional alleged instances occurred nearly a year after he filed his complaint, and at a different penal institution. These instances are not relevant to Meador’s claims against the Pleasant Valley Prison mail room staff, as they neither evidence an illicit motive on the part of the Pleasant Valley staff, nor bolster Meador’s contention that the Pleasant Valley staff’s prior actions exerted an impermissible chilling effect on the exercise of his right of access to the courts. As judicial notice is inappropriate where the facts to be noticed are irrelevant, see Ruiz v. City of Santa Maria, 160 F.3cl 543, 548 n. 13 (9th Cir.1998), we deny the request for judicial notice.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.