8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Usman Shehu SULE, Petitioner-Appellant,
v.
Joseph CRABTREE, Warden, FCI Sheridan; United States Bureau
of Prisons, Respondents-Appellees.
 No. 93-35248.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 1, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Usman Sule, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 action alleging that the Bureau of Prisons ("BOP") is without statutory authority to confine him, and that his civil rights are violated by overcrowding at FCI Sheridan. We have jurisdiction under 28 U.S.C. § 1291. We construe the district court's dismissal prior to service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (9th Cir.1992), and affirm.
 
 
 3
 In a related appeal, this court affirmed the dismissal as frivolous of Sule's claim that the BOP was without the statutory authority to confine him. See Sule v. Crabtree, No. 93-35224, unpublished memorandum disposition (9th Cir. Aug. 23, 1993). Therefore, we will not re-determine this claim, and the only claim remaining is Sule's claim regarding overcrowding at FCI Sheridan.
 
 
 4
 As a preliminary matter, we note that Sule's claim of overcrowding challenges the conditions of his confinement, and thus, is properly raised pursuant to 42 U.S.C. § 1983. See Young v. Kenny, 907 F.2d 874, 877 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991). We therefore construe this claim as a § 1983 claim, rather than as a § 2241 claim. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam).
 
 
 5
 Here, the district court dismissed Sule's overcrowding claim as duplicative, because Sule previously raised it in a pending civil rights action bearing the district court docket number CV 92-1143-RE. See Boag v. McDougall, 454 U.S. 364, 365 n. 1 (1982) (recognizing that § 1915(d) gives the district court broad discretion to take judicial notice of previously filed civil rights actions). We have reviewed the record in CV 92-1143-RE, and we agree that the same claim of overcrowding is raised in that action. Therefore, the district court did not err by dismissing this claim. We note, however, that the dismissal of this claim as duplicative, is not a dismissal on the merits, and thus, will not operate to bar the claim under the doctrine of res judicata in Sule's pending action. See In re Jensen, 980 F.2d 1254, 1256 (9th Cir.1992) (doctrine of res judicata bars a party from bringing a claim if the court has rendered final judgment on the merits in a previous action).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3