28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. STOKES, Plaintiff-Appellant,
v.
Ronald VAN BOENING, Defendant-Appellee.
 No. 93-35702.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-93-03073-AAM; Alan A. McDonald, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Stokes, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging that Associate Warden Ronald Van Boening violated Stokes constitutional rights by increasing his sanction in retaliation for Stokes's filing of an infraction appeal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We construe the district court's dismissal as one under Fed.R.Civ.P. 41(b), and review for an abuse of discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 4
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to abide by a court order. Fed.R.Civ.P. 41(b); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). The dismissal should not be disturbed unless there is a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)).
 
 
 5
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.' " Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990).
 
 
 6
 The "inartful pleading" of pro se litigants must be liberally construed. Ferdik, 963 F.2d at 1261 (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)); see also Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik, 963 F.2d at 1261; see also McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 7
 While a pro se prisoner's uncontroverted allegations are entitled to a presumption of truth, bare allegations of arbitrary retaliation are not enough by themselves to avoid dismissal. Rizzo v. Dawson, 778 F.2d 527, 530, 532 n. 4 (9th Cir.1985).
 
 
 8
 Here, Stokes filed an action in December 1992 alleging that Van Boening retaliated against Stokes for filing an appeal from a prison infraction hearing by adding ten days isolation to the sanctions imposed at the hearing. In the December 1992 action, the district court dismissed with leave to amend Stokes's complaint after finding that Stokes failed to "present any facts in support of his allegations." In its order of dismissal the court specifically instructed Stokes to provide sufficient facts to support his allegations in a properly formatted complaint. In response to the court's order, Stokes filed an amended complaint which failed to comply with the court's specific instructions. On April 28, 1993, the court dismissed Stokes's prior action without prejudice. In its order of dismissal, the court stated that "if plaintiff refiles this same complaint without fully complying with this court's initial order, it will be dismissed with prejudice."
 
 
 9
 On June 14, 1993, Stokes filed the present action alleging the same claim of retaliation against Van Boening. Stokes again failed to provide any facts to support his claim. The district court therefore dismissed the action for failure to comply with its order in the prior action.
 
 
 10
 It is clear from the record before us that despite the court's specific instructions and clear warning, Stokes failed to adequately support his bare allegation of retaliation and instead persisted in filing his deficient complaint. Even liberally construing Stokes's pro se complaint, it does not comply with the court's instructions. Under these circumstances, the district court did not err by dismissing Stokes's action pursuant to Rule 41(b). See Ferdik, 963 F.2d at 1260; Rizzo, 778 F.2d at 532 n. 4.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3