**Eddie Armail JULIAN–BEY, Plaintiff–Appellant,**

v.

**Michael J. CROWLEY, Defendant–Appellee.**

No. 00–2313.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

### ORDER

Eddie Armail Julian–Bey, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Julian–Bey sued multiple prison officials alleging that: 1) the no-talking policy in the prison law library violates his First Amendment right to free speech; 2) the grievance process necessary to exhaust administrative remedies was inadequate; and 3) he was subjected to race and religious discrimination. In discussing the complaint, the district court noted that Julian–Bey had not exhausted his administrative remedies as to all his claims. Further, the district court concluded that Julian–Bey's claims were frivolous.

In his timely appeal, Julian–Bey asserts that: 1) he should have been given the opportunity to amend his complaint before the district court dismissed his action; 2) he was not on notice that he had to provide proof to show that he exhausted his admin-

istrative remedies; 3) he established claims of retaliation and discrimination; and 4) the prison's procedures and regulations were not related to legitimate government interests.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

▪ Julian–Bey's complaint had to be dismissed for failure to exhaust available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievance filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. Julian–Bey alleged he exhausted his available administrative remedies to some of his claims prior to filing suit, but failed to identify which claims. Further, he did not attach any documentation to the complaint indicating the final disposition of any grievance he may have filed regarding his numerous claims. As Julian–Bey failed to establish that he exhausted his available administrative remedies prior to filing his civil rights complaint, the complaint had to

---

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of     Tennessee, sitting by designation.

be dismissed for not complying with § 1997e. *Booth*, 532 U.S. 731, 121 S.Ct. at 1825.

 Julian–Bey states that he was not on notice from the forms that he received from the district court that he had to attach documentation to his complaint establishing that he exhausted his available administrative remedies. *Brown* states that documentation of exhaustion is not mandatory. However, the allegation of exhaustion is required.

 Julian–Bey also argues that he should have been allowed to amend his complaint prior to dismissal. As Julian–Bey's complaint was dismissible under 28 U.S.C. §§ 1915(e) and 1915A, he did not have the right to amend his complaint prior to dismissal. *McGore*, 114 F.3d at 608, 612.

 Julian–Bey asserts that he is not required to exhaust every claim prior to filing his complaint. Rather, the exhaustion of at least one claim is sufficient to prevent dismissal. *Brown* makes it explicit that a prisoner must exhaust his administrative remedies before filing his complaint. *Brown*, 139 F.3d at 1104. *Brown* makes no provision for a "mixed" complaint. There must be exhaustion of every grievance filed. *Id.* As Julian–Bey did not exhaust his available administrative remedies as to each claim, dismissal of the complaint was appropriate. *See Freeman*, 196 F.3d at 645.

Finally, Julian–Bey argues the merits of his underlying complaint. However, since Julian–Bey did not exhaust his available administrative remedies as to each allegation, it would be inappropriate to address the merits of his complaint as such a discussion would circumvent the holdings of *Brown* and *Freeman*.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.