James Emanuel SHORTER; Edward
Keith Clark, Plaintiffs–
Appellants,

v.

Terry L. CAMPBELL, et al.,
Defendants–Appellees.

No. 02–3812.

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and POLSTER, District
Judge.*

*ORDER*

Plaintiffs James E. Shorter and Edward
Clark, pro se Ohio prisoners, appeal a
district court judgment dismissing their
civil rights complaint filed pursuant to 42
U.S.C. § 1983. This case has been re-
ferred to a panel of the court pursuant to
Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief,
Shorter and Clark filed a complaint
against prison employees at the Madison
Correctional Facility alleging that the de-
fendants have attempted to prevent them
from assisting inmates, such as James
Spires and Marcus Black, in filing griev-
ances with prison officials. The complaint
also contained claims by Spires and Black.
In addition to a claim of retaliation, Spires

* The Honorable Dan A. Polster, United States
District Judge for the Northern District of

Ohio, sitting by designation.

brought double jeopardy, due process, and equal protection claims, and Black brought a due process claim.

A magistrate judge issued the February 13, 2002, Initial Screening Report and Recommendation pursuant to 28 U.S.C. § 1915A(a) and (b) and 42 U.S.C. § 1997e(c). The magistrate judge found that the First Amendment retaliation claim of Shorter and Clark did not state a claim upon which relief may be granted. The magistrate judge found that the plaintiffs did not exhaust their administrative remedies with respect to all of the alleged conduct comprising the retaliation claim and instructed all of the plaintiffs to demonstrate that they had satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a). The magistrate judge further found that Spires and Black had failed to demonstrate exhaustion of their retaliation claim, and found that the remaining claims in the complaint failed to state a claim upon which relief may be granted. Despite objections filed by Shorter and Clark, the district court dismissed the complaint, without prejudice, for lack of exhaustion. Shorter and Clark filed this timely appeal.

Initially, we note that Shorter and Clark are the only appellants properly before the court. Spires and Black are not properly before the court and are not appellants because they neither signed the notice of appeal nor do they proceed through an attorney. *See* Fed. R.App. P. 3(c); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317–18, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Mattingly v. Farmers State Bank,* 153 F.3d 336, 337 (6th Cir.1998). This holding does not work a hardship on Spires or Black because the appeal lacks merit and the judgment dismissing the complaint was properly entered by the district court.

We also note that Spires and Black have waived appellate review of their claims in any event because they failed to object to the magistrate judge's recommended disposition of their claims against the defendants despite being advised to do so. *See Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir.1999); *Willis v. Sullivan,* 931 F.2d 390, 400–01 (6th Cir.1991). Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *see Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), no exceptional circumstances exist in this case.

█ Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we conclude that the plaintiffs' complaint had to be dismissed for failure to exhaust available administrative remedies. The plaintiffs have exhausted their available administrative remedies for part, but not all, of their retaliations claims. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievance filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

*Brown* makes it explicit that a prisoner must exhaust his administrative remedies before filing his complaint. *Brown,* 139 F.3d at 1104. *Brown* makes no provision for a "mixed" complaint. There must be exhaustion of every grievance filed. *Id.*

*See also, Julian–Bey v. Crowley,* 24 Fed. Appx. 393 (6th Cir.2001) (unpublished order). As the plaintiffs did not exhaust their available administrative remedies as to each claim, dismissal of the complaint was appropriate. *See Freeman,* 196 F.3d at 645.

The plaintiffs argue that they should have been allowed to amend the complaint prior to dismissal. As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal. *McGore,* 114 F.3d at 608, 612.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.