Chester **WOULARD**, Plaintiff,

v.

**FOOD SERVICE, Lt. P. Cirwithian, Sherese Brewington–Carr, Nurse Marvel, R.N., PHS Medical Services** Defendants.

No. CIV.A.99–100–JJF.

United States District Court,
D. Delaware.

March 27, 2003.

598

Chester Woulard, Wilmington, Delaware, pro se.

Stuart B. Drowos, Esquire of the State of Delaware Department of Justice, Wilmington, Delaware, for Defendants Food Service, Sherese–Brewington–Carr and Lt. P. Cirwithian.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is a Motion to Dismiss (D.I.22) filed by Defendants Multi–Purpose Criminal Justice Facility's Food Service Department ("Food Service"), Warden, Sherese Brewington–Carr and Lt. Patrick Cirwithian (collectively "State Defendants"). For the reasons discussed, State Defendants' Motion to Dismiss (D.I.22) is granted in part and denied in part.

## I. Background

Chester Woulard ("Plaintiff"), was incarcerated and under the supervision of the Delaware Department of Correction ("DOC") at the Multi–Purpose Criminal Justice Facility ("MPCJF") in Wilmington, Delaware at the time he filed his Complaint in 1999. On February 23, 1999, Plaintiff filed a Complaint and an application to proceed *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging Eighth and Fourteenth Amendment Due Process violations against Warden Sherese Brewington–Carr, Lt. Cirwithian, Food Service (collectively "State Defendants"), Nurse Marvel and PHS Medical Services (collectively "Medical Personnel").[1]

By Order of the Court on February 23, 1999 Plaintiff's application to proceed *in forma pauperis* was granted. (D.I.1). An initial filing fee of $6.50 was required in thirty days, however, on April 14, 1999, the case was dismissed without prejudice for failure to pay this fee. (D.I.7). On June 10, 1999 the Plaintiff filed a motion requesting that the Court reinstate his Complaint (D.I.11) which was granted on July 14, 1999 (D.I.12). Thereafter, service of process was issued upon Defendants. (D.I.17). Subsequently, in June 2001, Plaintiff was transferred to the Federal Correctional Institute ("FCI") in Memphis, Tennessee.

On August 2, 2002 the State Defendants filed the instant Motion to Dismiss (D.I.22). Plaintiff's Answer brief was due on August 16, 2002. To date, Plaintiff has not filed an Answer, and therefore, the

---

1. The instant Motion was filed by the State Defendants. State Defendants contend that Medical Personnel are represented by separate counsel. Medical Personnel have not joined in this motion or filed a separate motion to dismiss, and therefore, the Court will only address Plaintiff's allegations with respect to the State Defendants.

Court will decide the motion on the papers submitted.

In his Complaint, Plaintiff contends that while incarcerated at the MPCJF he was diagnosed with both Crohn's disease and diabetes, which necessitated a special diet prescribed by a doctor and which required "6 small feedings a day." (D.I. 2 at 2). Plaintiff further alleges that the Defendants did not comply with his request for special dietary meals. (D.I. 2 at 2). Specifically, Plaintiff alleges that he was told by the "Officer in control" that the prison was not going to comply with the special dietary program. Additionally, Plaintiff contends that Lt. Cirwithian, after being informed of Plaintiff's special dietary needs, stated "that he was not going to do nothing [a]nd stated that he didn't care if I live or die [a]nd fu[r]ther stated that the memo, the doctor submitted to him, he would never car[ry][ ] out, [a]nd I could stop asking." (D.I. 2 at 2). As a result of this deprivation,[2] Plaintiff contends that his diabetes became grossly out of control and that his Crohn's disease caused him daily pain. In his Complaint Plaintiff also requested a trial by jury, $1000 for every day that he was denied his special dietary meal, punitive and "mental damages" and an order directing Defendants to provide him with his prescribed diet.

By their motion, the State Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, the State Defendants argue that the Defendant did not exhaust his remedies through the prison grievance procedure as required by the Prison Litigation Reform Act of 1995 ("PLRA") 42 U.S.C. § 1997e(a), and that Plaintiff's Complaint should be dismissed on this basis alone. Further, the State Defendants contend that there is no evidence to sup-

port the Plaintiff's claims because there is no reason why Food Service would have denied Plaintiff's request for a special dietary meal and there is no evidence to support this allegation. In fact, in an appendix to their motion, State Defendants submit the Affidavit of Lt. Patrick Cirwithian, which states that he has no recollection of the Plaintiff, nor would he have responded in the manner alleged by the Plaintiff. (D.I.23, Ex. A).

Additionally, State Defendants contend that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards the excessive risk to inmate health or safety. State Defendants also argue that pursuant to Third Circuit precedent, Plaintiff must show a substantial risk of serious harm, the Defendants' deliberate indifference to that risk and causation. Specifically, State Defendants argue that Plaintiff has failed to support his allegations that their actions placed him at a substantial risk of serious harm or that there was deliberate indifference to that alleged risk, and therefore, his Complaint should be denied. (D.I. 23 ¶ 8). In fact, State Defendants contend that the Plaintiff's allegations are allegations of negligence which are not cognizable under 42 U.S.C. § 1983.

State Defendants also contend that Plaintiff cannot attempt to hold them liable for their supervisory positions, because it is well-established that liability under 42 U.S.C. § 1983 may not be predicated upon a theory of *respondeat superior*. Further, State Defendants argue that Plaintiff cannot maintain an action against them in their individual capacities because they are entitled to qualified immunity and Plaintiff

---

**2.** Plaintiff attached a handwritten medical log listing the dates that he was deprived his special dietary meals to his complaint.

has not demonstrated that they were personally involved or were cognizant of the alleged deprivation. Additionally, State Defendants argue that they cannot be sued in their official capacities because of the doctrine of sovereign immunity. (D.I. 23 at ¶¶ 10, 11). With regard to any possible pendent state claim, State Defendants contend that they are entitled to good faith immunity under 10 *Del. C.* § 4001.

Further, State Defendants argue that although the Plaintiff has served all of the Defendants personally, he has not served the Attorney General, despite an order to do so and in contravention of 10 Del. C. 3103(c).[3] Finally, State Defendants argue that the Plaintiff is no longer incarcerated in the state of Delaware, having been released on June 15, 2001, to the federal facility in Memphis Tennessee, and therefore, Plaintiff's allegations of not receiving a special diet are moot and dismissal is appropriate. (D.I. 23 at ¶ 17).

## II.  Standard of Review

Since the State Defendants have referred to matters outside the pleadings, specifically, Lt. Cirwithian's affidavit, the State Defendants' motion shall be treated as one for summary judgment. *See* Fed. R.Civ.P. 12(b)(6). A party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Thus, to properly consider all of the evidence, the "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party' that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Id.*

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to show that there is more than:

> some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial".... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).

---

**3.**  The Court is hesitant to dismiss a case other than on its merits. In the case at bar all Defendants have been adequately served, and therefore, the Court declines to accept the failure of the Defendant to serve the Attorney General as an appropriate ground for dismissal.

## III.  Discussion

### A.  Exhaustion of Administrative Remedies

█ State Defendants argue that Plaintiff did not exhaust his administrative remedies prior to filing this action pursuant to the PLRA, 42 U.S.C. § 1997e(a).  In pertinent part 42 U.S.C. § 1997e(a) states:

No action shall be brought with respect to prison conditions unless under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies that are available are exhausted.

42 U.S.C. § 1997e(a).  The Third Circuit requires that prisoners exhaust all administrative remedies available to them before they file a claim premised on prison conditions under § 1983.  *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir.2000).  Prison conditions include the physical environment in which they live and the services provided to them.  *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir.2000), *aff'd*, 531 U.S. 956, 121 S.Ct. 377, 148 L.Ed.2d 291 (2000).

█ The United States Supreme Court requires a plaintiff to exhaust administrative remedies even where the grievance process would not provide him with. the remedy that he is seeking in his federal court action.  *Booth v. Churner*, 206 F.3d at 294–295; *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir.2000) (holding that there is no "futility" exception to the prisoner exhaustion requirement).  However, this Court has held that a § 1983 prisoner complaint should not be dismissed for failure to· exhaust administrative remedies when the record indicates that the plaintiff filed a grievance that has been completely ignored by prison authorities beyond the time allowed for responding to grievances under the grievance procedure.  *Chapman*

*v. Brewington–Carr*, 2001 WL 34368394, **——, 2001 U.S. Dist. Lexis 9047, C.A. No. 97–271–JJF, slip op. at 3–6 (D.Del. May 1, 2001) (declining to extend *Nyhuis* ).[4]

█ In the instant case, Plaintiff's grievance was not attached to his Complaint, nor was it attached to the State Defendants' motion.  However, it is clear from the Complaint that Plaintiff filed his initial grievance on or prior to September 30, 1998.  (D.I. 2 at 2).  This means that the initial grievance was filed almost four years before the State Defendants' filed their motion to dismiss, and that prison authorities still have not responded.  Although the relevant grievance procedures have not been included as part of the record in this case, it is safe to assume that such a lengthy delay in handling Plaintiff's grievance exceeded the amount of time allowed for prison authorities to respond under said grievance procedure.  Accordingly, the Court concludes that the instant case is analogous to *Chapman*, and that State Defendants' Motion cannot be granted based on Plaintiff's failure to exhaust administrative remedies.

### B.  Mootness

█ A question that no longer presents a live case or controversy is moot.  A prisoner's transfer or release from prison moots his claim for injunctive relief because he is no longer subject to the conditions that he attempts to challenge.  *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir.1981).  However, a Plaintiff's transfer or release from prison does not moot his claims for damages.  *See Weaver*, 650 F.2d at 27.

---

4.  Although the Supreme Court's decision in Booth was issued after the Court's decision in

Chapman, *Booth* does not refute the principles announced in *Chapman*.

By their motion, State Defendants argue that since Plaintiff is no longer incarcerated at MPCJF, that Plaintiff's claims are moot and dismissal is appropriate. In his Complaint, Plaintiff seeks $1000 for every day that he was denied his special dietary meal, punitive and "mental damages" and an order directing Defendants to provide him with his prescribed diet. (D.I.2). The Court concludes that Plaintiff's request for injunctive relief should be dismissed as moot, however, Plaintiff's claims for damages present a live case or controversy, and therefore, will not be dismissed as moot.

## C. Inadequate Medical Care

■ A prima facie case under 42 U.S.C. § 1983 requires a plaintiff to demonstrate that: 1) a person deprived him of a federal right; and 2) the person who deprived him of that right was acting under the color of state law. *Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995). In this case, it is undisputed that the State Defendants acted under the color of state law. Therefore, the remainder of the Court's § 1983 analysis will discuss whether the State Defendants deprived the Plaintiff of a federal right.

■ Plaintiff's allegations of inadequate medical care implicate the Eighth Amendment. In order to state an Eighth Amendment claim for inadequate medical care, the Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In regard to the seriousness prong of the inquiry, Plaintiff must demonstrate that the need "is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d

326, 347 (3d Cir.1987)(quoting *Pace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J. 1979)).

■ In regard to the deliberate indifference prong of the Eighth Amendment inquiry, the defendant must have the requisite mental state. Specifically, "the official must know of . . . and disregard . . . an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that an . . . official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842, 114 S.Ct. 1970. In situations involving claims for inadequate medical care, the Third Circuit has found deliberate indifference in situations where there was "objective evidence that [a] plaintiff had a serious need for medical care," and prison officials ignored that evidence. *See Nicini v. Morra,* 212 F.3d 798, 815 n. 14. (3d Cir.2000). Additionally, the Third Circuit has found deliberate indifference in cases where "necessary medical treatment is delayed for non-medical reasons." *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987) (citing *Ancata v. Prison Health Servs.,* 769 F.2d 700, 704 (11th Cir.1985)).

■ In the instant situation, the Court finds that Plaintiff's medical condition rises to the level of a "serious medical condition" for purposes of the Eighth Amendment analysis. Specifically, the record reflects that Plaintiff was prescribed a medical diet which required "six small feedings" a day due to his affliction with both Crohn's dis-

ease and diabetes. (D.I. 2 at 2); D.I. 3 (memo indicating that plaintiff needs six small meals a day due to medical problems). Accordingly, Plaintiff's medical need is a serious one, because it was diagnosed by a doctor and requires treatment. *See e.g. Talley v. Amarker et al.,* Civ.A.No. 95–7284, 1996 WL 528859 (E.D.Pa. March 7, 1996) (considering a low-fat/low-sodium diet prescribed for hypertension a serious medical need for purposes of a motion to dismiss); *Nelson v. ARA Food Serv.,* 1995 WL 303990, Civ.A.No. 94–4542 (E.D.Pa. May 18, 1995)(considering a high calorie diet prescribed by a physician a serious medical need for purposes of a motion to strike).

In regard to the deliberate indifference prong of the Eighth Amendment analysis, the Court will address the claims alleged against each individual defendant below.

### 1. Sherese Brewington–Carr

■ In regard to State Defendant, Sherese Brewington–Carr, Plaintiff proffers no specific allegations of misconduct. In fact he never mentions her name in the substantive body of his complaint. (D.I.2). Given that Ms. Brewington–Carr is a supervisor, the Court understands that Plaintiff intends to hold her liable in her supervisory position. However, it is well-established that supervisors cannot be held liable for actions taken in their supervisory roles. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir.1993); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Therefore, the Court concludes that, summary judgment in favor of State Defendant, Sherese Brewington–Carr is appropriate.

Additionally, in the event that Plaintiff is alleging state law claims against State Defendant Sherese Brewington–Carr, the Court concludes that, in the instant case, since the only remaining claim asserted against Ms. Brewington–Carr is a state law claim, the Court should refrain from exercising jurisdiction over it. *See e.g., True North Composites LLC v. Harris Specialty Chemicals, Inc.,* 00–157–JJF, slip op. at 2–3 (D.Del. March 30, 2001). Accordingly, Plaintiff's state law claims against State Defendant Ms. Brewington–Carr will be dismissed.

### 2. Lt. Cirwithian

■ The Court concludes that Plaintiff does adequately allege deliberate indifference against State Defendant Lt. Cirwithian sufficient to survive a summary judgment motion. For example, Plaintiff alleges that Defendant Cirwithian stated that " he was not going to do nothing [a]nd stated that he didn't care if I live or die [a]nd fu[r]ther stated that the memo, the doctor submitted to him, he would never car[rry][ ] out, [a]nd I could stop asking." (D.I. 2 at 2). Although State Defendants, contend that this exchange never took place and that Plaintiff was never denied adequate meals, when viewed in the light most favorable to the Plaintiff, the Court concludes that there is a genuine issue of material fact as to whether Lt. Cirwithian was deliberately indifferent to Plaintiff's serious medical needs. Accordingly, the Court concludes that Plaintiff's § 1983 claim against Lt. Cirwithian survives summary judgment at this stage.

■ Additionally, to the extent that Plaintiff is alleging state law claims, the Court will not dismiss these claims because there is a genuine issue of material fact as to whether Lt. Cirwithian is shielded from liability from the State Tort Claims Act. Specifically, the State Tort Claims Act shields a defendant from personal liability for acts done in good faith, without gross or wanton negligence, and arising out of and in connection with the performance of official discretionary

duties. *See* 10 *Del. C.* § 4001(3). The Court concludes that there is a genuine issue of material fact as to whether Lt. Cirwithian acted in good faith or without gross and wanton negligence. Thus, summary judgment as to the state law claims alleged against State Defendant Cirwithian is inappropriate.

### 3. Food Service

■ The issue in regard to State Defendant Food Service is whether for § 1983 purposes, the actions taken by Food Service employees can be attributed to Food Service itself. Food Service cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability. *See Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, in order to be held liable Plaintiff must provide evidence that there was a relevant Food Service policy or custom and that the relevant policy or custom caused the constitutional violation. *See Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

■ The Third Circuit has recognized three situations where acts of a government employee can be deemed to be the result of a policy or custom of the governmental entity. *See Natale v. Camden County Correctional Facility et al.,* 318 F.3d 575, 584 (3d Cir.2003) (citations omitted). The first occurs where " 'the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.' " *Id.* (citations omitted). The second occurs where no rule has been formally announced as policy but federal law has been violated by the policymaker itself. *Id.* Finally, the third situation occurs where the policymaker has failed to act affirmatively,

even though the need to take some action is obvious, and the inadequacy of the existing practice is likely to result in the violation of constitutional rights. *Id.* (citations omitted).

■ In this case, there is no evidence that Food Services had an affirmative policy or custom that prevented the Plaintiff from receiving his special meals. There is, however, evidence that there was no action taken, and that this inadequate practice was likely to result in a constitutional violation. For example, Plaintiff alleges that Food Service failed to address his medical needs by providing him with the appropriate diet, despite several requests. Although State Defendants claim that they did not deny Plaintiff special meals for his medical needs, and would have no reason to deny such meals, when viewed in the light most favorable to the Plaintiff, a reasonable jury could conclude that the failure to establish a policy to address the medical needs of the Plaintiff who has a serious medical condition, creates a risk that is sufficiently obvious as to constitute deliberate indifference to Plaintiff's needs. Therefore, the Court concludes that, Plaintiff's § 1983 claim against Food Service is sufficient to survive summary judgment at this juncture.

To the extent that Plaintiff has alleged state law claims against State Defendant Food Service, the Court finds that there are genuine issues of material fact with regard to whether Food Service is shielded from liability through the State Tort Claims Act, and therefore, summary judgment for the state law claims against Food Service is also inappropriate at this stage.

### Conclusion

In sum, the Court concludes that Plaintiff has not adequately alleged a § 1983 claim against State Defendant Sherese-Brewington Carr, however, Plaintiff has adequately alleged both state law and § 1983 claims against State Defendants

Food Service and Lt. Cirwithian in order to withstand a summary judgment motion.

An appropriate Order will be entered.

### ORDER

At Wilmington this 27th day of March 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Dismiss (D.I.22) is **GRANTED** with respect to Defendant Sherese–Brewington Carr and **DENIED** with respect to Defendants Lt. Cirwithian and Food Service;

(2) Plaintiff shall file with the Court, no later than April 28, 2003, a letter setting forth any discovery requests he intends to pursue. Once the Court has Plaintiff's proposed discovery, the Court will set a discovery cut-off date.