**Jimmy SMITH, Plaintiff–Appellant,**

v.

**Qwen HOFFMAN, et al., Defendants–Appellees.**

No. 03–5034.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 2003.

*ORDER*

Jimmy Smith, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Smith filed a complaint against several prison employees at the West Tennessee State Penitentiary ("WTSP") (food service employees Qwen Hoffman and Mac Sutton, Steward P. Sadler and Jean Moton, Acting Warden of Operations Henry Steward, and Tennessee Department of Correction Commissioner ("TDOC") Donal Campbell) alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments. Smith alleges Hoffman, Sadler, and Sutton failed to adequately address a medical problem which arose due to his diabetes while he was performing work in the WTSP kitchen in May of 2002. Smith also alleges that he was not given a diabetic meal in August of 2002. Smith alleges that Moton and Sutton told him that the "diet" tray is the same as the general population tray. Smith alleges that Steward and Campbell have "fabricated and conspired" to cause him emotional upsets and mental distress. Smith alleges these actions constitute retaliation because he speaks out on racism at WTSP. Smith sues the defendants in their individual and official capacities.

The district court dismissed the complaint, pursuant to 42 U.S.C. § 1997e(a), after concluding that Smith had not exhausted his administrative remedies with respect to the alleged conduct compromising the retaliation claim. Smith filed this timely appeal.

Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997), we conclude that Smith's complaint had to be dismissed for failure to exhaust available administrative remedies. Smith has exhausted his available administrative remedies for part, but not all, of his claims. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievance filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

*Brown* makes it explicit that a prisoner must exhaust his administrative remedies before filing his complaint. *Brown,* 139 F.3d at 1104. *Brown* makes no provision for a "mixed" complaint. There must be exhaustion of every grievance filed. *Id. See also, Julian–Bey v. Crowley,* 24 Fed. Appx. 393 (6th Cir.2001) (unpublished order). As Smith did not exhaust his available administrative remedies as to each claim, dismissal of the complaint was appropriate. *See Freeman,* 196 F.3d at 645. Although the district court's judgment does not expressly so state, we note that the dismissal of Smith's complaint is without prejudice. *See Wyatt,* 193 F.3d at 879.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.